DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Patricia Ann Edwards, defendant below and appellant herein, pled no contest to two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a). Appellant assigns the following error for review:
 "THE TRIAL COURT DENIED MS. EDWARDS DUE PROCESS OF LAW, BY SENTENCING HER TO NON-MINIMUM *Page 2 
AND CONSECUTIVE TERMS OF IMPRISONMENT, IN VIOLATION OF THE EX POST FACTO DOCTRINE. FIFTH
AND FOURTEENTH AMENDMENTS, ARTICLE I, SECTION X, UNITED STATES CONSTITUTION."
 {¶ 2} On December 10, 2005, appellant was involved in a vehicle accident that claimed the lives of her daughters (Morgan Daulton (d/o/b 12-27-94) and Skylar Edwards (d/o/b 3-31-99)). Chemical tests revealed that appellant had a blood-alcohol content more than twice the legal limit.
 {¶ 3} The Adams County Grand Jury returned an indictment charging appellant with two counts of aggravated vehicular homicide. She pled no contest to both charges and was sentenced to serve seven years on one charge and six years on the other, with both sentences to be served consecutively. This appeal followed.
 {¶ 4} Appellant asserts that subsequent to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum, and its decision to order those sentences be served consecutively, violate her rights under the ex post facto clause under Article I, Section 10, of the United States Constitution and the Due Process Clause of the Fourteenth Amendment. We disagree. *Page 3 
 {¶ 5} First, the court decided Foster on February 27, 2006. Appellant's sentencing hearing occurred on October 2, 2006. Appellant should have raised this argument during her hearing so that the trial court could have addressed it. She did not, and that failure waives the issue on appeal. See State v. Close, Washington App. No. 03CA30,2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36,2005-Ohio-2574, at ¶ 48.
 {¶ 6} Additionally, even assuming arguendo that appellant properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered and rejected the same ex post facto argument. See State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶ ¶ 11-12; State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶ ¶ 8-11. Other Ohio appellate courts have rejected it as well. See State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, at ¶ ¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673,2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16,2007-Ohio-462, at ¶ ¶ 21-23; State v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ ¶ 10.[1]
 {¶ 7} We find nothing in appellant's brief to prompt us to re-visit that conclusion and we adhere to Henry and Grimes. Thus, for the reasons set forth in Henry and Grimes, we conclude *Page 4 
that the trial court did not violate appellant's rights by imposing non-minimum sentences or ordering that those sentences be served consecutively.
 {¶ 8} Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Harsha, J.: Concur in Judgment Opinion *Page 5 
BY: Peter B. Abele, Judge
[1] While most of these cases dealt with an ex post facto and due process challenge to non-minimum sentences, we also found no violation of those constitutional protections in ordering prison sentences to be served consecutively. See State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶ ¶ 10-12. *Page 1