DECISION AND JUDGMENT ENTRY
{¶ 1} After Michael Cross pled guilty to one count of forgery, the trial court imposed a maximum sentence for that offense and ordered Cross to serve it consecutively to sentences imposed by other courts. Cross appeals and contends he is entitled to a minimum, concurrent prison term. He reaches that conclusion by asserting parts of the statutory sentencing scheme favorable to him survived the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Because Cross was sentenced after Foster was decided, he takes the statutes as the Supreme Court left them, i.e., as the Supreme Court interpreted them after applying the severance remedy. Nonetheless, he argues the trial court could not apply the mandate of Foster because it violates due process and ex post facto provisions of the Constitution *Page 2 
of the United States. Having rejected those identical arguments elsewhere, we reject them again here on the same basis: waiver and the merits. See State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942;State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360; State v.Thompson, Washington App. No. 06CA43, Ohio.
 {¶ 2} Cross also contends the Foster severance remedy violates the state and federal constitutions because it "directly conflicts with the Ohio Legislature's intent in enacting Senate Bill 2, the `truth-in-sentencing' reforms . . .". He makes this claim without a single citation to authority or a rational argument. Accordingly, we reject it summarily under the provisions of App. R. 12(A)(2) and App. R. 16(A)(7). See State v. Watson (1998), 126 Ohio App.3d 316, 321.
 I. Facts {¶ 3} In January 2005, a Washington County grand jury returned an indictment charging Cross with six counts of forgery, a fifth-degree felony in violation of R.C. 2913.31(A)(3)[1], which Cross allegedly committed in July 2005. Subsequently, Cross reached an agreement with the prosecution to plead guilty to one count of forgery in exchange for the dismissal of the remaining counts. At a June 2006 hearing, the trial court reviewed the plea agreement's terms, explained to Cross his various constitutional rights, advised him of the maximum penalty he could receive upon pleading guilty to the offense, accepted his plea, and found him guilty. In August of 2006, the court imposed a one-year prison *Page 3 
term upon Cross and ordered it to be served consecutively to the sentences imposed by other courts.
 II. Assignment of Error {¶ 4} Cross appeals his sentence, asserting:
 The trial court erred by sentencing Michael Cross to non-minimum, maximum and consecutive prison terms based on facts not found by the jury or admitted by Cross, violating his rights guaranteed by the Sixth Amendment to the United States Constitution.
 III. Foster {¶ 5} Cross contends the trial court should have sentenced him under the sentencing provisions that were in effect at the time he committed the forgery offense in July 2005. He argues that in accordance with the statutory presumptions in R.C. 2929.14(C) and (E)(4) that existed when he committed the offense, he is entitled to be sentenced to no more than the minimum, concurrent six-month prison term allowable for a fifth-degree felony rather than the maximum, consecutive one-year prison term the trial court imposed after the Supreme Court's decision inFoster, supra.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio found that several of Ohio's sentencing statutes, including R.C. 2929.14(C) and (E)(4), were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Foster, paragraphs one, three, and five of the syllabus. Applying the remedy used by the Supreme Court of the United States in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, the Court severed *Page 4 
the offending unconstitutional provisions from the statutes.Foster, at paragraphs two, four, and six of the syllabus, and ¶ 99. The Court stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. 2929.14(A)] and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 7} Trial and intermediate appellate courts in this state are bound to apply Foster as it is written. Because the Supreme Court of Ohio inFoster declared R.C. 2929.14(C) and (E)(4) unconstitutional and severed them from this state's sentencing statutes in February 2006, Cross was not entitled to be sentenced in August 2006 under the now void statutory provisions.
 {¶ 8} Cross argues, however, that application of Foster's severance remedy to his case violates the Due Process and Ex Post Facto Clauses of the state and federal constitutions because it effectively increases the presumptive sentences that were in effect when he committed the crime for which he was sentenced.
 {¶ 9} Foster was decided on February 27, 2006, and Cross' sentencing hearing was conducted in August 2006. He could have raised this argument during that hearing so that the trial court could have addressed it. Cross' failure to do so constitutes a waiver of the issue on appeal. See, State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360, at ¶ 7 and cases cited there.
 {¶ 10} Nonetheless, assuming arguendo that he preserved the issue for appeal, we reject Cross' claim on the merits. This court, as well as other *Page 5 
intermediate appellate courts in Ohio, have determined that application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. See, State v. Henry, Pickaway App. No. 06CA17, 2006-Ohio-6360, at ¶¶ 8-11; Grimes, supra, at ¶¶ 9-10; State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162;State v. Cain, Franklin App. No. 06AP-682, 2007-Ohio-945, at ¶ 6;State v. Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058, at ¶ 10;State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42. We see no reason to reject our prior decisions.
 IV. Conclusion {¶ 11} We find no error in the trial court's decision to impose the maximum, consecutive sentence.
JUDGMENT AFFIRMED. *Page 6 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] R.C. 2929.14(A)(5) provides that the minimum sentence for a fifth-degree felony is six months imprisonment and the maximum sentence is twelve months imprisonment. *Page 1