JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Jose Rosado appeals from a common pleas court order resentencing him. Through counsel, he asserts that the court erred by imposing a sentence in excess of the statutory minimum, that his trial counsel provided ineffective assistance by failing to object to the court's imposition of a sentence in excess of the statutory minimum, and the trial court lacked jurisdiction to resentence him while the motion to reopen his appeal was still pending. In addition, appellant has filed a supplemental pro se brief with leave of court in which he urges, inter alia, that the trial court erred by failing to ensure that his sentence was consistent with sentences imposed for similar crimes by similar offenders, and the court erred by sentencing him to a maximum term of imprisonment and more than the minimum term of imprisonment. We find no error in the trial court's decision and affirm.
 Procedural History {¶ 2} Appellant was found guilty following a jury trial on two counts of possession of drugs with major drug offender specifications and possession of criminal tools. The court imposed concurrent sentences of five and ten years' imprisonment on the drug possession charges and six months' imprisonment on the criminal tools charge. The state and appellant both appealed. This court affirmed appellant's convictions, but vacated the sentence imposed and remanded for resentencing based on the trial court's failure to inform appellant that he was subject *Page 4 
to post-release control. State v. Rosado, Cuyahoga App. No. 83694,2005-Ohio-6626.
 {¶ 3} On remand, the trial court conducted a new sentencing hearing. The court stated that it was reimposing the sentences previously imposed. The court further stated that, "after considering all the relevant factors under the law, I am resentencing Mr. Rosado to a mandatory ten-year prison term on the first degree felony, five years on the second degree felony, and 12 months on the fifth degree felony, all to be served concurrently, with credit for time served. The court further informed appellant that he would be placed on post-release control for a period of five years following his release from prison, and explained the effect of post-release control.
 Law and Analysis Assignments of Error Presented Through Counsel
 {¶ 4} The third assignment of error raised by appellant's counsel questions the trial court's jurisdiction to resentence appellant, so we will address that issue first. Counsel argues that a motion to reopen appellant's prior appeal pursuant to App.R. 26 was pending at the time the trial court resentenced appellant, and that this motion deprived the trial court of jurisdiction. We disagree. The prior appeal was completed and closed when the judgment was journalized on January 20, 2006. The motion to reopen is not part of the original appeal but is a collateral post-conviction remedy. Morgan v. Eads, 104 Ohio St.3d 142,2004-Ohio-6110, 4|9. Even *Page 5 
if the motion was granted, the original judgment on appeal would have remained valid. Id. at Tf17. Thus, the motion to reopen did not divest the trial court of jurisdiction to resentence appellant.
 {¶ 5} Appellant's first assignment of error asserts that his right to due process was violated by the court's imposition of a sentence in excess of the statutory minimum term as to the second and fifth degree felonies. He reaches this conclusion by a somewhat circuitous route. He argues, first, that he was entitled to a de novo sentencing hearing under State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085. Next, he asserts that the intervening supreme court decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, determined that the sentencing laws under which he was previously sentenced were unconstitutional. However, appellant claims, the severance remedy created byFoster was itself unconstitutional as applied to him, insofar as it removed the presumption in favor of imposing minimum sentences on counts one and four, the second and fifth degree felonies. Thus, appellant claims, the court was required to impose the statutory minimum terms of imprisonment on him as to the second and fifth degree felonies.
 {¶ 6} We agree with appellant that State v. Jordan required the court to conduct a complete resentencing hearing. However abbreviated that hearing was, the trial court did conduct such a hearing. We also agree that State v. Foster applied to the resentencing. We note that as a result of the resentencing hearing, the court actually required appellant to serve six months more for the fifth degree *Page 6 
felony than the court originally ordered.[1] However, nothing prevented the court from imposing a greater sentence on remand than was imposed originally. Cf. Foster, at 1f105.
 {¶ 7} While "retroactive changes in the measure of punishment are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense," State v.Walls, 96 Ohio St.3d 457, 2002-Ohio-5059, 4|29, the law beforeFoster never mandated imposition of minimum sentences on offenders who had not previously served a prison term, as appellant asks us to do here. By demanding application of a presumption in favor of a minimum sentence, but not allowing any means by which the presumption can be overcome, "appellant essentially seeks the benefit of a state of law that never existed." State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542, T|39. Therefore, we find that application ofFoster on resentencing did not violate appellant's due process rights.
 {¶ 8} Appellant's second assignment of error contends that he was deprived of the effective assistance of counsel because his attorney did not argue to the trial court that the imposition of non-minimum sentences on him was a violation of his due process rights. Appellant was not prejudiced by his attorney's failure to argue *Page 7 
this issue, inasmuch as we have addressed this issue above and have rejected it. Therefore, we overrule the second assignment of error.
Supplemental Assignments of Error
 {¶ 9} Appellant's first supplemental assignment of error claims the court failed to ensure that its sentence was consistent with sentences imposed for similar crimes committed by similar offenders, as required by R.C. 2929.11(B). Appellant claims his nationality played a role in the court's decision to impose a ten-year term of imprisonment. The ten-year term was mandatory. R.C. 2929.14(D)(3)(a). Therefore, we cannot agree that the sentence was not consistent with sentences imposed for similar crimes committed by similar offenders. The first supplemental assignment of error is overruled.
 {¶ 10} Appellant's second and third supplemental assignments of error argue that the imposition of a mandatory ten-year term of imprisonment under the major drug offender specification was unconstitutional. InFoster, however, the supreme court specifically noted that the finding that a defendant is a major drug offender is tied to the amount of the controlled substance involved in the offense. Thus, the court's finding is based on the jury's verdict, and does not offend Blakely.Foster, at 1H[79, 81. We overrule the second and third supplemental assignments of error.
 {¶ 11} Fourth, appellant contends that, after Foster, the trial court was prohibited from imposing any sentence other than the statutory minimum term. The court in Foster expressly rejected the presumption in favor of a minimum term, and *Page 8 
severed that provision. Foster, at ¶¶ 89, 97. Therefore, we overrule the fourth supplemental assignment of error.
 {¶ 12} Fifth, appellant urges that imposition of sentences in excess of the statutory minimum term violates the rule of lenity. Application of the rule of lenity is appropriate only if there is an ambiguity in the statute. There is no ambiguity here. Foster severed the portions of the statute which created a presumption in favor of a minimum term as well as the portion which required judicial fact-finding to overcome that presumption. Foster, at ¶ {97. Consequently, there is no ambiguity as to whether imposition of the statutory minimum sentence is required.State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, ¶ 7. The fifth supplemental assignment of error is overruled.
 {¶ 13} Appellant next argues that imposition of the mandatory ten-year term of imprisonment for a major drug offender violates the separation of powers doctrine by limiting the judiciary's discretion and constitutes cruel and unusual punishment. The legislature has the power to define criminal conduct and prescribe its punishment. State v.Thompkins (1996), 75 Ohio St.3d 558, 560. A mandatory sentence does not violate the separation of powers doctrine, even though it may limit the court's discretion. State v. Campa, Hamilton App. No. C-010254, 2002-Ohio-1932; State v. Bonello (1981), 3 Ohio App.3d 365, 367.
 {¶ 14} "There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is `mandatory.'" *Page 9 Harmelin v. Michigan (1991), 501 U.S. 957, 995. A punishment is cruel and unusual only if it is so disproportionate to the offense as to shock the community's sense of justice. State v. Chaffin (1972),30 Ohio St.2d 13, paragraph three of the syllabus. A ten-year term of imprisonment for possession of more than one hundred grams of crack cocaine is not disproportionate to the sentences imposed for crimes of similar stature. Cf. State v. Conner, Cuyahoga App. No. 84073, 2005-Ohio-1971, 4|61. Therefore, the mandatory ten-year term of imprisonment is not cruel and unusual. Accordingly, we overrule the sixth and seventh supplemental assignments of error.
 {¶ 15} Finally, appellant argues that the court failed to make a determination on the major drug offender specification prior to sentencing. This argument is irrelevant, because even if the court did not determine that appellant was a major drug offender, the court still had discretion to impose a ten-year term of imprisonment for this first degree felony. Accordingly, we overrule the eighth supplemental assignment of error.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J. CONCURS CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY
[1] This sentence is to be served concurrently with the ten-year mandatory term on the first degree felony. *Page 1