OPINION
{¶ 1} On January 17, 2006, defendant-appellant, Robert K. Cunningham ("appellant"), pled guilty in the Franklin County Court of Common Pleas, to two counts of gross sexual imposition, both felonies of the third degree. On February 27, 2006, the Supreme Court of Ohio issued its opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. On March 6, 2006, the court of common pleas sentenced appellant to terms of incarceration of five years on one count and three years on the other count, *Page 2 
and ordered that he serve these terms consecutively. Appellant timely appealed and advances one assignment of error as follows:
THE COMMON PLEAS COURT VIOLATED APPELLANT'S RIGHT TO A JURY TRIAL BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AS WELL AS A VIOLATION OF HIS RIGHTS UNDER THE EX POST FACTO CLAUSE AND THE DUE PROCESS CLAUSE OF THE FEDERAL CONSTITUTION, AND ARTICLE I, SECTION 10, OF THE CONSTITUTION OF THE STATE OF OHIO.
 {¶ 2} In support of his assignment of error, appellant argues thatFoster's declaration that the findings necessary under the pre-Foster sentencing scheme were unconstitutional, means that the lawful way in which pre-Foster sentencing statutes should have been applied, including at the time appellant pled guilty, is that there was a presumption that a defendant would receive minimum and concurrent sentences. Appellant maintains that when the trial court applied the post-Foster scheme, which allows the trial court to impose a sentence up to the top of the range for the corresponding offense, it violated hisSixth Amendment right to a trial by jury. He also argues that because the court applied the post-Foster scheme, even though appellant pled guilty before Foster, it unlawfully subjected him to an ex post facto law.
 {¶ 3} Plaintiff-appellee, State of Ohio ("appellee"), argues that because appellant failed to raise this issue at sentencing, the doctrine of waiver applies, and appellant has not demonstrated the existence of plain error. Appellee further contends that because the remedy fashioned by the Foster court was readily foreseeable, it does not operate as an ex post facto law when applied to appellant. Appellee argues that R.C.2929.14(A) provided adequate notice that appellant was subject to sentences of up to five years for *Page 3 
each count to which he pled guilty, and R.C. 2929.01(E)(4) provided adequate notice that multiple offenses carry the possibility of consecutive sentences. We agree.
 {¶ 4} "Constitutional arguments not raised at trial are generally deemed waived." State v. Trewartha, Franklin App. No. 05AP-513,2006-Ohio-5040, ¶ 28, citing State v. Awan (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, paragraph three of the syllabus. Notwithstanding waiver, we find appellant's constitutional argument to be without merit. As we recently explained in State v. Brown, Franklin App. No. 06AP-718, 2007-Ohio-1701, at ¶ 4:
 [I]n [State v.] Gibson, [Franklin App. No. 06AP-509, 2006-Ohio-6899] this court found the retroactive application of Foster did not violate the right to due process and the ex post facto clause. We determined that we were bound to apply Foster as it was written. Id., at ¶ 15, citing State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375. We explained that it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives. Id., citing State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360; State v. Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058; and State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125. We further reasoned in Gibson that, because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of Foster was not unexpected, Foster did not violate due process notions. Id., at ¶ 16, citing State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. We also noted that the Fifth District Court of Appeals in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, observed that several federal circuit courts have addressed these issues in relation to the United States Supreme Court's decision in State v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, [160 L.Ed.2d 621], and rejected similar arguments regarding ex post facto and due process violations. Id., citing Paynter, at ¶ 42.
 {¶ 5} In the present case, like the defendant in Gibson, appellant knew the statutory range of possible punishments at the time he pled guilty. Foster did not change *Page 4 
the statutory range of punishments for third-degree felonies. Further, "`at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences.'"State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 18, citing State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375, at ¶ 8. Thus, appellant could have received the sentence imposed whether he had been sentenced before or after Foster. Therefore, we conclude that the remedial holding of Foster does not violate appellant's constitutional rights.
 {¶ 6} For all of the foregoing reasons, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur. *Page 1