DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Todd Hardesty, appeals from the sentence of the Pickaway County Common Pleas Court. The trial court re-sentenced Appellant in connection with his guilty plea to the third degree felony of sexual battery, a violation of RC. 2907.03. The trial court sentenced Appellant to the maximum term for the offense. Appellant argues the trial court, in imposing a non-minimum, maximum sentence for his offense, violated the Ex Post Facto and Due Process clauses of the *Page 2 
United States Constitution. In accordance with the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, we overrule Appellant's objection and affirm the sentence of the trial court.
 I. Facts {¶ 2} The Appellant, Todd Hardesty, pled guilty to one count of sexual battery, a third-degree felony under R.C. 2907.03. Following a pre-sentence investigation, the trial court imposed the maximum five-year sentence. At the time of sentencing, the trial court stated Appellant had committed the worst form of the offense, but did not give reasons for this finding. We vacated the sentence on appeal, and remanded the case for re-sentencing, in order for the trial court to state reasons for its finding. See State v. Hardesty, 4th Dist. No. 04CA33, 2005-Ohio-6331.
 {¶ 3} In December of 2005, the trial court conducted a re-sentencing hearing and once more imposed the five-year maximum sentence. Appellant again appealed from the sentence. We vacated the sentence and once more remanded the case for re-sentencing because the Foster decision was released while the case was pending on direct review, thus voiding Appellant's sentence. State v. Hardesty, 4th Dist. No. 06CA1,2006-Ohio-5272.
 {¶ 4} In November of 2006, the trial court held another re-sentencing hearing for Mr. Hardesty. The trail court again gave Mr. Hardesty the five-year *Page 3 
maximum sentence. The trial court filed its judgment entry on December 6, 2006. On January 4, 2007, Appellant filed the current appeal.
 II. Assignment of Error {¶ 5} "THE TRIAL COURT ERRED WHEN IT SENTENCED TODD HARDESTY TO A NON-MINIMUM, MAXIMUM SENTENCE, UNDER A JUDICIALLY ALTERED, RETROACTIVELY APPLIED, AND SUBSTANTIALLY DISADVANTAGEOUS STATUTORY FRAMEWORK. THIS WAS IN VIOLATION OF BOTH THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION."
 III. Legal Analysis {¶ 6} In his sole assignment of error, Appellant argues the trial court erred during re-sentencing when it re-imposed a non-minimum, maximum, prison sentence. Appellant's re-sentencing is controlled byFoster. In Foster, the Ohio Supreme Court held Ohio's felony sentencing scheme, under R.C. 2929.14(B) and (C), which required the sentencing court to impose a minimum sentence unless certain requirements were met, was unconstitutional. Foster at ¶ 75 — ¶ 78, ¶ 97. Pursuant to the holding in United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, the Ohio Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code. Foster at ¶ 96. After that severance, judicial fact-finding is no longer required before imposing more than the minimum sentence. Id. As such, trial courts are no longer required to make findings of fact or give *Page 4 
reasons when imposing non-minimum, maximum, or consecutive sentences. Id.
 {¶ 7} Appellant argues that his sentence must be reversed and his case remanded for the minimum term of imprisonment. Appellant asserts the trial court violated both the Due Process and Ex Post Facto clauses of the U.S. Constitution by re-sentencing him to the maximum term of imprisonment for his offence.
 {¶ 8} Appellant cites Miller v. Florida (1987), 482 U.S. 423,107 S.Ct. 2446, 96 L.Ed.2d 351, to support his ex post facto argument. The Court in Miller stated the Ex Post Facto Clause of the U.S. Constitution prohibits legislation that "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed."Miller at 429, quoting Calder v. Bull (1798), 3 Dall. 386. Appellant also cites Bouie v. City of Columbia (1964), 378 U.S. 347, 353-356,845 S.Ct. 1697, 12 L.Ed.2d 894, which extended the prohibition of ex post facto legislation to judicial decision-making. Appellant argues the application of these cases to the case at hand demonstrates the remedy in Foster violates the principles of ex post facto and due process. For the reasons stated below, we disagree.
 {¶ 9} This court has considered numerous times the same ex post facto and due process arguments raised by Appellant. Each time we have *Page 5 
addressed the arguments and we have rejected them. See State v.Thompson, 4th Dist. Nos. 06CA43, 06CA50, 2007-Ohio-2724; State v.Cross, 4th Dist. No. 06CA47, 2007-Ohio-2252; State v. Ellis, 4th Dist. No. 06CA3071, 2007-Ohio-2177; State v. Bruce, 4th Dist. No. 06CA40,2007-Ohio-1938; State v. Clagg, 4th Dist. No. 06CA44, 2007-Ohio-1661;State v. Edwards, 4th Dist. No. 06CA830, 2007-Ohio-1516. State v.Henry, 4th Dist. No. 06CA8, 2006-Ohio-6942; State v. Grimes, 4th Dist. No. 04CA17, 2006-Ohio-6360.
 {¶ 10} Similarly, other Ohio appellate courts have determined the application of Foster, to defendants who committed their offenses before that decision was released, does not violate due process and does not function as an ex post facto law. See State v. Thrasher, 6th Dist. No. WD06047, 2007-Ohio-2838, State v. Coleman, 6th Dist. No. S06023,2007-Ohio-448; State v. Dawson, 8th Dist. No. 88486, 2007-Ohio-2761;State v. Cunningham, 10th Dist. No. 06AP317, 2007-Ohio-2785; State v.Rosado, 8th Dist. No. 88504, 2007-Ohio-2782; State v. Bengal, 11th Dist. No. 2006L123, 2007-Ohio-2691; State v. Mallette, 8th Dist. No. 87984,2007-Ohio-715; State v. Lowe, 10th Dist. No. 06AP673, 2007-Ohio-504;State v. Shield, 3rd Dist. No. 90616, 2007-Ohio-462; State v.Hildreth, 9th Dist. No. 06CA8879, 2006-Ohio-5058.
 {¶ 11} Appellant argues that his due process rights have been violated because he did not have fair notice of the sentencing scheme to which he was *Page 6 
subjected. However, the range of prison terms for Appellant's offense remained the same both before and after Foster. In finding the Ohio Supreme Court's decision in Foster violates neither the Ex Post Facto nor Due Process clauses of the United States Constitution, we concluded that "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, or available punishments, in particular." Grimes at ¶ 10.
 {¶ 12} "[T]he law before Foster never mandated imposition of minimum sentences on offenders who had not previously served a prison term, as appellant asks us to do here. By demanding application of a presumption in favor of a minimum sentence, but not allowing any means by which the presumption can be overcome, `appellant essentially seeks the benefit of a state of law that never existed.'" Rosado at ¶ 7, quoting State v.Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542.
 {¶ 13} Here, Appellant had notice of the sentencing range at the time he committed the offense. Foster neither judicially increased the range of his sentence, nor retroactively applied a new statutory maximum to an earlier committed crime. There is no doubt that Appellant could have received the imposed five-year maximum sentence whether he had been sentenced before or after Foster. Because the range of penalties for Appellant's offense *Page 7 
remains the same post-Foster as it was pre-Foster, the applicationof Foster's remedy does not violate his due process rights or act as an ex post facto application of the law.
 {¶ 14} Finally, as an Ohio appellate court, we are bound to follow the Supreme Court of Ohio's decision in Foster. A lower court must apply controlling precedent and must not, even if that court has doubts about the issue, upset controlling precedent. Eberhart v. U.S. (2005),546 U.S. 12, 126 S.Ct. 403, 407. The United States Supreme Court denied certiorari on Foster on October 16, 2006. Foster v. Ohio (2006),127 S.Ct. 442, 166 L.Ed.2d 314. The Ohio Supreme Court has also refused to reconsider its Foster decision. See State v. Foster,109 Ohio St.3d 1408, 2006-Ohio-1703 (Table, No. 2004-1568); State v. Quinones,109 Ohio St.3d 1408, 2006-Ohio-1703 (Table, No. 2004-1771). Thus, the Supreme Court of Ohio has expressly determined the severance remedy ofFoster best preserves the objectives of the General Assembly. As an intermediate appellate court, we are bound by decisions of the Ohio Supreme Court. We cannot overrule or declare Foster unconstitutional. See State v. Sheets, 12th Dist. No. CA2006-04-032, 2007-Ohio-1799, at ¶ 16. *Page 8 
 IV. Conclusion {¶ 15} The issues raised by Appellant in his assignment of error have been repeatedly addressed by this court and other Ohio courts. In each case, it has been determined that the Ohio Supreme Court's decision inFoster is controlling. As such, the trial court's decision to re-sentence Appellant to the maximum five-year term did not violate his due process rights and did not constitute an application of ex post facto law. Appellant's assignment of error is overruled and the sentence of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1