DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Earl E. Steward, appeals from the sentence of the Highland County Common Pleas Court. Appellant was convicted of attempted murder and felonious assault, each with firearm specifications. In his first assignment of error, Appellant contends the trial court should have merged the firearm specifications for purposes of sentencing. Because the attempted murder and felonious assault took place as part of the same act or transaction, we agree. In his second assignment of *Page 2 
error, Appellant contends the trial court erred by sentencing him to maximum, consecutive terms of imprisonment. Because of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, Appellant's argument is without merit. Accordingly, we overrule Appellant's second assignment of error, sustain his first assignment of error and remand for resentencing.
 I. Facts {¶ 2} After eighteen years of marriage, Appellant and Judy Steward were divorced in October of 2003. On January 1, 2006, Appellant called Ms. Steward, saying he wanted to return a DVD he had borrowed. She told him because she had people over, the next day would be better. After discovering that her new boyfriend was one of those people, Appellant stated that he was going to come over anyway. When he arrived at the house at approximately 9 P.M., Ms. Steward's sister denied him entry. An angry verbal altercation ensued and the police were called, but by the time they arrived, Appellant had already left.
 {¶ 3} After leaving his ex-wife's house, Appellant purchased some alcohol and went on a car ride with his son. At the end of the ride, he stopped at his brother-in-law's residence and borrowed a gun. Later, around midnight, he drove back to his ex-wife's house. *Page 3 
 {¶ 4} Ms. Steward became aware Appellant had returned and eventually went out to speak to him. She told him if he wanted to talk they could talk, but he stated, "I don't want to talk to you." Ms. Steward testified that Appellant then pulled out the gun. She asked him what he was going to do with it and he said, "I came here to kill you." Ms. Steward testified that Appellant then raised the gun and shot her three times. She tried to get away, but collapsed at the corner of her house.
 {¶ 5} Appellant's version of the shooting was drastically different. He testified that when Ms. Steward came out to talk to him, she saw the gun in his jacket and reached for it. He then pulled it out and held it down at his side. According to Appellant, she reached for his hand, her hand got tangled in his jacket, and as a result the gun accidentally fired into Ms. Steward's chest. After the first shot, she still had his jacket in her hand, and as she was falling, the gun accidentally fired again. Appellant testified that, in his mind, the only way he could prove the first two shots were accidental was to shoot Ms. Steward a third time in the shoulder, this time intentionally. Appellant testified this would prove that if he was actually trying to kill her, he would have shot her in a more vital area.
 {¶ 6} When the police arrived at the scene, Appellant was standing over Ms. Steward, who was lying on the ground, with the gun pointed *Page 4 
toward her. The police ordered Appellant to drop the gun. He did so and was taken into custody.
 {¶ 7} A two-count indictment was filed against Appellant by the Highland County grand jury for attempted murder and felonious assault. A firearm specification was attached to each count. On October 3, 2006, the jury found Appellant guilty on both counts. The trial court sentenced him to consecutive maximum terms of ten years for attempted murder, eight years for felonious assault, and three years each for the firearm specifications. On October 25, 2006, Appellant filed the current appeal.
 II. Assignments of Error {¶ 8} 1. THE TRIAL COURT ERRED WHEN IT IMPOSED TWO CONSECUTIVE THREE-YEAR TERMS FOR GUN SPECIFICATIONS ARISING OUT OF A SINGLE ENCOUNTER BETWEEN THE DEFENDANT AND THE VICTIM.
 {¶ 9} 2. THE TRIAL COURT ERRED BY IMPOSING MAXIMUM, CONSECUTIVE PRISON TERMS OF IMPRISONMENT.
 III. First Assignment of Error {¶ 10} In his first assignment of error, Appellant contends the trial court erred by not merging the two firearm specifications in his sentence. He argues he should have been sentenced on only one firearm specification because the two felonies for which he was convicted, attempted murder and *Page 5 
felonious assault, were committed as part of the same transaction. This assignment of error is well taken.
 {¶ 11} "A court shall not impose more than one prison term on an offender under division (D)(1)(a) of this section [governing sentencing on firearm specifications] for felonies committed as part of the same act or transaction." State v. Marshall, 8th Dist. No., 2006-Ohio-6271, at ¶ 19. "The Supreme Court of Ohio has defined "transaction" as "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." Id. at ¶ 30, quoting State v.Wills (1994), 69 Ohio St.3d 690, 691, 1994-Ohio-417, 635 N.E.2d 370. Accordingly, if there is a singleness of purpose, separate firearm specifications must be merged. State v. Harris, 7th Dist. No. 04 JE 44,2006-Ohio-3520, at ¶ 127. "It is important to note that felonies which are not part of the same transaction for the purposes of R.C. 2941.25
(involving multiple counts) can be part of the same transaction for the purposes of R.C. 2929.14(D)(1)(b)." Id.
 {¶ 12} Appellant contends the shooting of Ms. Steward was a single transaction. It involved one victim, one perpetrator and took place in a matter of seconds. The State argues, though Appellant's actions may have been a series of continuous acts bound together by time and space, they were not directed toward a single objective. *Page 6 
 {¶ 13} The State argues that Appellant had two objectives in shooting Ms. Steward. To substantiate one purpose, that he wanted to kill her, the State relies on the testimony of Ms. Steward that Appellant said, "I came here to kill you." To substantiate another purpose, that he only wanted to injure her, the State relies on the testimony of Appellant that he intentionally shot her only to wound her. Thus, the State tries to conflate its own theory of the case, that Appellant tried to murder Ms. Steward, with that of the defense, that though he shot her, he never attempted to kill her. However, to agree with the State's argument that Appellant had more than one objective, one has to reach the contradictory conclusion that Appellant both intended to kill Ms. Steward and to wound her, but not kill her, all within a matter of several seconds.
 {¶ 14} Further, the State's position is that because felonious assault and attempted murder may not have the same purposes or objectives, they can not be part of the same transaction. However, as previously noted, felonies which are not part of the same transaction for the purposes of R.C. 2941.25[1] may be so for purposes of R.C. 2929.14(D)(1)(b).Harris at ¶ 127. " * * * [I]n assessing multiple gun specifications, a court should focus on an *Page 7 
individual's, "overall criminal objectives, not on the specific animus for each crime." State v. Adams, 7th Dist. No. 00 CA 211,2006-Ohio-1761, at ¶ 54, quoting State v. Moore, 161 Ohio App.3d 778,2005-Ohio-3311, 832 N.E.2d 85. "The case law on this subject indicates that it would be much too simple to merely impose separate penalties for firearm specifications because the defendant had separate animus for each corresponding criminal act. Whether or not a defendant had a common purpose or objective in committing multiple crimes is broader than the concept of animus and is also highly dependent on the factual circumstances of each case." Moore at ¶ 86.
 {¶ 15} In the circumstances of the case at bar, sentencing Appellant to two consecutive three-year terms for firearm specifications was contrary to the intent of R.C. 2929.14(D)(1)(b). Here, there was a single event which involved only Appellant and Ms. Steward. The event was a continuous act lasting, at most, several seconds. There was a singleness of purpose in that Appellant's sole objective was to shoot Ms. Steward. As such, the two felonies for which Appellant was convicted, attempted murder and felonious assault, were part of the same act or transaction within the meaning of R.C. 2929.14(D)(1)(b). Consequently, Appellant's first assignment of error is well taken and the trial court must merge the firearm specifications for purposes of sentencing. *Page 8 
 IV. Second Assignment of Error {¶ 16} In his second assignment of error, Appellant argues the trial court erred when it imposed maximum, consecutive prison sentences. Appellant's sentencing is controlled by State v. Foster. InFoster, the Ohio Supreme Court held that Ohio's felony sentencing scheme, under R.C. 2929.14(B) and (C), which required the sentencing court to impose a minimum sentence unless certain requirement were met, was unconstitutional. Foster at ¶ 75-78, 97. Pursuant to the holding in United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, the Ohio Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code. Foster at ¶ 96. Accordingly, afterFoster, judicial fact-finding is no longer required before imposing more than the minimum sentence. Id.
 {¶ 17} Appellant argues the Foster remedy violates both the Due Process and Ex Post Facto clauses of the U.S. Constitution. As such, he argues this court should remand his convictions for the imposition of minimum sentences. For the following reasons, we disagree.
 {¶ 18} This court has considered the same ex post facto and due process arguments numerous times since the Foster decision. Each time we have addressed them, we have rejected them. See State v. Thompson, 4th Dist. Nos. 06CA43, 06CA50, 2007-Ohio-2724; State v. Cross, 4th Dist. No. *Page 9 
06CA47, 2007-Ohio-2252; State v. Ellis, 4th Dist. No. 06CA3071,2007-Ohio-2177; State v. Bruce, 4th Dist. No. 06CA40, 2007-Ohio-1938;State v. Clagg, 4th Dist. No. 06CA44, 2007-Ohio-1661; State v.Edwards, 4th Dist. No. 06CA830, 2007-Ohio-1516. State v. Henry, 4th Dist. No. 06CA8, 2006-Ohio-6942; State v. Grimes, 4th Dist. No. 04CA17,2006-Ohio-6360.
 {¶ 19} Similarly, other Ohio appellate courts have determined the application of Foster, to defendants who committed their offenses before that decision was released, does not violate due process and does not function as ex post facto law. See State v. Thrasher, 6th Dist. No. WD06047, 2007-Ohio-2838, State v. Coleman, 6th Dist. No. S06023,2007-Ohio-448; State v. Dawson, 8th Dist. No. 88486, 2007-Ohio-2761;State v. Cunningham, 10th Dist. No. 06AP317, 2007-Ohio-2785; State v.Rosado, 8th Dist. No. 88504, 2007-Ohio-2782; State v. Bengal, 11th Dist. No. 2006L123, 2007-Ohio-2691; State v. Mallette, 8th Dist. No. 87984,2007-Ohio-715; State v. Lowe, 10th Dist. No. 06AP673, 2007-Ohio-504;State v. Shield, 3rd Dist. No. 90616, 2007-Ohio-462; State v.Hildreth, 9th Dist. No. 06CA8879, 2006-Ohio-5058.
 {¶ 20} Because of the Foster decision, Appellant argues he did not have fair notice of the sentencing scheme to which he was subjected. However, the range of prison terms for Appellant's offenses remained the *Page 10 
same both before and after Foster. "By demanding application of a presumption in favor of a minimum sentence, but not allowing any means by which the presumption can be overcome, `appellant essentially seeks the benefit of a state of law that never existed.'" Rosado at ¶ 7, quoting State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542.
 {¶ 21} Here, Appellant had notice of the sentencing range at the time he committed his offenses. Foster neither judicially increased the range of his sentences, nor retroactively applied a new statutory maximum to earlier committed crimes. Because the range of penalties for Appellant's offenses remained the same post-Foster as it was pre-Foster, the application of Foster's remedy does not violate his due process rights or act as an ex post facto application of the law.
 {¶ 22} Finally, as an Ohio appellate court, we are bound to follow theFoster decision. The United States Supreme Court denied certiorari onFoster on October 16, 2006. Foster v. Ohio (2006), 127 S.Ct. 442,166 L.Ed.2d 314. The Ohio Supreme Court has also refused to reconsider theFoster decision. See State v. Foster, 109 Ohio St.3d 1408,2006-Ohio-1703 (Table, No. 2004-1568); State v. Quinones,109 Ohio St.3d 1408, 2006-Ohio-1703 (Table, No. 2004-1771). Thus, the Supreme Court of Ohio has expressly determined the severance remedy of Foster best preserves the *Page 11 
objectives of the General Assembly. As an intermediate appellate court, we must follow the decision of the Ohio Supreme Court and can neither overrule nor declare Foster unconstitutional. See State v. Sheets, 12th Dist. No. CA2006-04-032, 2007-Ohio-1799, at ¶ 16. As such, we overrule Appellant's second assignment of error.
 V. Conclusion {¶ 23} For the foregoing reasons, Appellant's sentence is affirmed in part, reversed in part, and remanded for resentencing. The trial court's imposition of two three-year firearm specifications, to be served consecutively, is reversed. Because, for purposes of R.C.2929.14(D)(1)(b), Appellant's convictions were part of the same transaction, the two firearm specifications must be merged. The issues Appellant raises in his second assignment of error have been addressed repeatedly both by this court and other Ohio appellate courts.Foster neither violates due process nor acts as an ex post facto application of the law. Accordingly, the trial court's decision to sentence Appellant to maximum, consecutive terms for attempted murder and felonious assault was proper and his second assignment of error is overruled.
JUDGMENT REVERSED IN PART, AFFIRMED IN PART AND THE CAUSEREMANDED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED IN PART, AFFIRMED IN PART AND THE CAUSE REMANDED and that the Appellee and the Appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2941.25(B) provides the following: "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two offenses of the same or similar kind committed separately with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant be convicted of all of them." *Page 1