DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Earl E. Steward, appeals for a second time the sentence of the Highland County Common Pleas Court. Appellant was convicted of attempted murder and felonious assault, each with firearm specifications. In his sole assignment of error, Appellant contends the trial court erred by sentencing him to maximum, consecutive terms of imprisonment. Because of the Supreme Court of Ohio's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, Appellant's *Page 2 
argument is without merit. Accordingly, we overrule Appellant's sole assignment of error and affirm the decision of the trial court.
 I. Facts {¶ 2} As set forth in our previous consideration of this matter, a review of the record reveals that after eighteen years of marriage, Appellant and Judy Steward were divorced in October of 2003. On January 1, 2006, Appellant called Ms. Steward, saying he wanted to return a DVD he had borrowed. She told him because she had people over, the next day would be better. After discovering that her new boyfriend was one of those people, Appellant stated that he was going to come over anyway. When he arrived at the house at approximately 9:00 p.m., Ms. Steward's sister denied him entry. An angry verbal altercation ensued and the police were called, but by the time they arrived, Appellant had already left.
 {¶ 3} After leaving his ex-wife's house, Appellant purchased some alcohol and went on a car ride with his son. At the end of the ride, he stopped at his brother-in-law's residence and borrowed a gun. Later, around midnight, he drove back to his ex-wife's house. Ms. Steward became aware Appellant had returned and eventually went out to speak to him. She told him if he wanted to talk they could talk, but he stated, "I don't want to talk to you." Ms. Steward testified that Appellant then pulled out the gun. She *Page 3 
asked him what he was going to do with it and he said, "I came here to kill you." Ms. Steward testified that Appellant then raised the gun and shot her three times. She tried to get away, but collapsed at the corner of her house.
 {¶ 4} Appellant's version of the shooting was drastically different. He testified that when Ms. Steward came out to talk to him, she saw the gun in his jacket and reached for it. He then pulled it out and held it down at his side. According to Appellant, she reached for his hand, her hand got tangled in his jacket, and as a result the gun accidentally fired into Ms. Steward's chest. After the first shot, she still had his jacket in her hand, and as she was falling, the gun accidentally fired again. Appellant testified that, in his mind, the only way he could prove the first two shots were accidental was to shoot Ms. Steward a third time in the shoulder, this time intentionally. Appellant testified this would prove that if he was actually trying to kill her, he would have shot her in a more vital area. When the police arrived at the scene, Appellant was standing over Ms. Steward, who was lying on the ground, with the gun pointed toward her. The police ordered Appellant to drop the gun. He did so and was taken into custody.
 {¶ 5} A two-count indictment was filed against Appellant by the Highland County grand jury for attempted murder and felonious assault. A firearm specification was attached to each count. On October 3, 2006, the *Page 4 
jury found Appellant guilty on both counts. The trial court sentenced him to consecutive maximum terms of ten years for attempted murder, eight years for felonious assault, and three years each for the firearm specifications, an aggregate term of twenty-four years.
 {¶ 6} On October 25, 2006, Appellant filed his initial appeal setting forth two assignments of error, contending that the trial court erred in imposing two consecutive three-year terms for gun specifications arising out of a single encounter with the victim, and contending that the trial court erred by imposing maximum, consecutive terms of imprisonment. Although we overruled Appellant's second assignment of error in his initial appeal, we sustained his first assignment of error and remanded the matter to the trial court for resentencing. State v. Steward, Highland App. No. 06CA38, 2007-Ohio-5523.
 {¶ 7} Appellant was resentenced on March 3, 2008. At the resentencing hearing, the trial court again sentenced Appellant to a term of ten years for aggravated murder and eight years for felonious assault to be served consecutively. Additionally, the trial court imposed a single three-year term of imprisonment for both gun specifications, in accordance with our order of remand, to be served consecutively to the other terms, for an *Page 5 
aggregate term of twenty-one years. Appellant again appeals his sentence, assigning a sole assignment of error for our review.
 II. Assignment of Error I. THE TRIAL COURT ERRED BY IMPOSING MAXIMUM, CONSECUTIVE PRISON TERMS OF IMPRISONMENT. III. Legal Analysis {¶ 8} In his sole assignment of error, Appellant contends the trial court erred when it imposed maximum, consecutive prison sentences. In doing so, Appellant essentially argues that the trial court violated his rights in applying the remedial holding of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to crimes predating that decision. Appellant candidly acknowledges that we have previously rejected similar arguments, but he asks us to reconsider our prior decisions. We decline to do so.
 {¶ 9} In Foster, the Supreme Court of Ohio concluded that several of Ohio's sentencing statutes, including R.C. 2929.14(B), were unconstitutional to the extent that they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Id. at paragraphs one, three, and five of the syllabus. Applying the remedy used by the Supreme Court of the United States inUnited States v. Booker (2005), 543 U.S. 220, the court severed the offending unconstitutional provisions in their entirety from the statutes. Foster at paragraphs two, four, and six of the *Page 6 
syllabus, and ¶ 99. The court stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. 2929.14(A)] and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 10} Appellant argues that, at the time he committed his crimes, he enjoyed a statutory presumption that the sentence imposed would consist of a minimum term of imprisonment. He claims the Supreme Court inFoster retroactively removed that presumption because the trial court no longer needed to make findings of fact in order to impose a non-minimum sentence or consecutive. However, we have consistently rejected this argument on the merits and have held that a trial court does not violate due process principles or commit plain error by applying Foster to defendants who committed their offenses before that decision was released. State v. Shepherd, Scioto App. No. 06CA3106, 2008-Ohio-3350
at ¶¶ 9-11; State v. Evans, Washington App. No. 07CA45, 2008-Ohio-1446, at ¶¶ 25-26; State v. Miller, Washington App. No. 06CA57, 2007-Ohio-6909, at ¶¶ 35-36; State v. Henthorn, Washington App. No. 06CA62, 2007-Ohio-2960, at ¶¶ 13-14; State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 8-11; State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360, at ¶¶ 9-10. *Page 7 
Other intermediate courts in Ohio have reached the same conclusion.State v. Cain, Franklin App. No. 06AP-682, 2007-Ohio-945, at ¶ 6;State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 37-47;State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, at ¶ 16;State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-125, at ¶¶ 41-42;State v. Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058, at ¶ 10.
 {¶ 11} Moreover, Miller v. Florida, (1987), 482 U.S. 423, upon which Appellant relies, is distinguishable. In that case, Florida's sentencing guidelines in force at the time Miller committed his crime provided a presumptive sentencing range of 3 1/2 to 4 1/2 years in prison, which a trial court could impose without explanation and which, if imposed, was not subject to appellate review. If the trial court decided to impose a sentence outside of the presumptive range, it had "to provide clear and convincing reasons in writing for the departure, on facts proved beyond a reasonable doubt, and [its] determination would be reviewable on appeal." Id. at 432. A legislative change occurring between the commission of the crime and Miller's sentencing increased the range of Miller's presumptive sentence to 5 1/2 to 7 years, and the trial court imposed a 7 year sentence. Under the prior law, Miller could have sought appellate review of a seven-year sentence; under the retroactively applied new law, he could no longer seek appellate *Page 8 
review of the sentence because it fit within the new presumptive range. The Supreme Court of the United States held that this sentence violated ex post facto principles because the sentence under the later guidelines "foreclosed his ability to challenge the imposition of a sentence longer than his presumptive sentence under the old law." Id. at 433. The court also noted that the Florida legislature increased the presumptive minimum sentence and denied review of that sentence with the intention to inflict a greater punishment on those who fell within its ambit.
 {¶ 12} Appellant argues that the Foster remedy retroactively changed the fact-finding requirements necessary to impose a sentence beyond the statutorily defined presumptive minimum. However, we have previously explained that the presumptive maximum and minimum terms of imprisonment remained the same before and after Foster. State v. VanHoose, Pike App. No. 07CA765, 2008-Ohio-112, at ¶ 26. Furthermore, unlike the case inMiller, Appellant's right to appeal any sentence that was contrary to law remained the same before and after Foster. Id. Although Appellant asserts that he would have been entitled to a minimum sentence under the pre-Foster guidelines, "[t]he law before Foster never mandated imposition of minimum sentences on offenders who had not previously served a prison term, as appellant asks us to do here. By demanding application of a *Page 9 
presumption in favor of a minimum sentence, but not allowing any means by which the presumption can be overcome, `appellant essentially seeks the benefit of a state of law that never existed.'" State v.Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889, at ¶ 12, quotingState v. Rosado, Cuyahoga App. No. 88504, 2007-Ohio-2782, ¶ 7, quoting in turn State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542, at ¶ 39.
 V. Conclusion {¶ 13} For the foregoing reasons, Appellant's sentence is affirmed. The issues Appellant raises in his sole assignment of error have been addressed repeatedly both by this Court and other Ohio appellate courts. Accordingly, the trial court's decision to sentence Appellant to maximum, consecutive terms for attempted murder and felonious assault was proper and his assignment of error is overruled.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1