DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment. Appellant was convicted of the offense of voluntary manslaughter in violation of R.C. 2903.03(A). The court resentenced Elvis Presley Jeremy Kerns, defendant below and appellant herein, to nine years imprisonment.
 {¶ 2} Appellant assigns the following error for review and determination:
i. "THE TRIAL COURT VIOLATED THE APPELLANT'S SIXTH AMENDMENT RIGHT TO THE U.S. CONSTITUTION WHEN IT SENTENCED APPELLANT TO A PRISON TERM BEYOND THE STATUTORY MINIMUM, IN LIGHT OF THE FACT THE DEFENDANT HAD NOT SERVED A PRIOR PRISON TERM."
 {¶ 3} In the late evening of July 6 and early morning of July 7, 2003, a disturbance arose at Farley Square apartments. Apparently, the reason for the disturbance was a dog that defecated in another resident's yard. The situation escalated to a stand-off between two groups of residents, each shouting racial epithets at the other. Sometime during that confrontation, appellant and his wife, Amy Kerns, emerged from their apartment and joined in the fray. At some point, someone threw a beer can that struck appellant's wife's head. Police eventually arrived and instructed the crowd to return to their apartments.
 {¶ 4} The next day appellant and his wife left their apartment to visit a doctor. In the apartment complex parking lot, Carlton Cave approached the Kernses. The men exchanged words and Cave began to strike appellant in the face. The uncontroverted evidence revealed that Cave was the initial aggressor in this incident. Amy Kerns attempted to step between them, and, during that momentary interlude, appellant drew a knife. Cave attempted to withdraw and appellant chased Cave through the parking lot before he finally caught him. The two men tussled and Cave suffered a fatal stab wound. Appellant then took his wife to the doctor and fled the area. Five months later authorities apprehended appellant.
 {¶ 5} The Scioto County Grand Jury returned an indictment charging appellant with murder in violation of R.C. 2903.01(A). He pled not guilty and the matter came on for a jury trial. At trial, the evidence revealed that Cave had been the aggressor in the incident. At the same time, however, several witnesses testified that Cave attempted to withdraw from the fight and appellant pursued Cave and stabbed him. One witness described the scene as a "cat and mouse chase through the parking lot."
 {¶ 6} Appellant testified that he had attempted to protect his wife. He stated that he chased Cave to inform him that did not want any more trouble, not to inflict injury. Regarding the stabbing, appellant's testimony was somewhat unclear. At one point, appellant claimed that he could not recall when he stabbed Cave. At another point, appellant claimed that the stabbing had been an accident and that Cave had fallen onto his knife.
 {¶ 7} At trial the jury found appellant not guilty of murder, but guilty of voluntary manslaughter. See R.C. 2903.03(A). The trial court, after finding that the minimum sentence would demean the seriousness of the crime, sentenced appellant to a nine year prison term.
 {¶ 8} In State v. Kerns, 161 Ohio App.3d 76,829 N.E.2d 700, 2005-Ohio-2578, we reversed appellant's sentence because the record did not support an inference that prior to imposing sentence, the trial court considered the R.C. 2929.12(B) seriousness factors or the R.C. 2929.12(C) mitigating factors. Id. at ¶¶ 16-23. On remand, the court considered those factors and re-imposed a nine year prison sentence. This appeal followed.
 {¶ 9} Appellant asserts in his sole assignment of error that the trial court erred in sentencing him to a term of imprisonment greater than the statutory minimum. In particular, he contends that the trial court engaged in judicial factfinding by relying on R.C. 2929.14(B) and concluding that a minimum sentence would demean the seriousness of the offense and not adequately protect the public. Appellant contends that his sentence violates hisSixth Amendment rights under the recent United States Supreme Court cases Blakely v. Washington (2004), 542 U.S. 296,159 L.Ed.2d 403, 124 S.Ct. 2531, and United States v. Booker
(2005), 543 U.S. 220, 160 L.Ed.2d 621, 125 S.Ct. 738.
 {¶ 10} We need not analyze this case under Blakely and Booker because the Ohio Supreme Court recently applied those cases to Ohio's felony sentencing scheme and determined that R.C.2929.14(B)(C) are unconstitutional. See State v. Foster?,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph one of the syllabus.[1] As appellant points out, the trial court's re-sentencing entry explicitly cites R.C. 2929.14(B) as a reason to impose a nonminimum prison sentence.[2]
 {¶ 11} When a sentence is based on an unconstitutional statute, the remedy is to vacate that sentence and remand the case for a new sentencing hearing. See Foster, supra at ¶ 103. Furthermore, this principle applies to all cases, including ones like the sub judice that are on direct appeal. Id. at ¶ 106.
 {¶ 12} Accordingly, we hereby sustain appellant's assignment of error, vacate his sentence and remand the case for re-sentencing in light of Foster.
JUDGMENT REVERSED, SENTENCE VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, sentence be vacated and the case remanded for further proceedings. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[1] The Ohio Supreme Court decided Foster subsequent to the trial court's resentencing. Nothing here should be construed as criticism of the trial court's outcome, especially in light of the convoluted sentencing statutes and the Ohio Supreme Court's decision that determined several of those statutes to be in violation of the United States Constitution.
[2] R.C. 2929.14(B)(2) states that trial courts shall impose the shortest prison term authorized for the offense unless, inter alia, "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In the case sub judice the trial court cited both factors as a reason to not impose the shortest possible prison sentence. The Ohio Supreme Court determined in Foster
that such findings violate the Sixth Amendment under the United States Supreme Court's ruling in Blakely. See 2006-Ohio-856, at ¶¶ 59 61.