DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment. Elvis Presley Jeremy Kerns, defendant below and appellant herein, was previously convicted of voluntary manslaughter in violation of R.C. 2903.03(A) and he now appeals his re-sentencing.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHT TO TRIAL BY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH AND FOURTEENTH AMENDMENTS. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, *Page 2 
WHICH PURPORTS TO AUTHORIZE SENTENCES IN EXCESS OF THE STATUTORY MAXIMUM, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED."
 SECOND ASSIGNMENT OF ERROR:
 "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE THE SENTENCE RENDERED AGAINST DEFENDANT KERNS, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED."
 THIRD ASSIGNMENT OF ERROR:
 "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT PURSUANT TO THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, BECAUSE THE HOLDING OF FOSTER IS INVALID UNDER ROGERS V. TENNESSEE (2001), 532 U.S. 451."
 FOURTH ASSIGNMENT OF ERROR:
 "THE RULE OF LENITY REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES, AND THE RULING OF THE COURT OF COMMON PLEAS TO THE CONTRARY MUST BE REVERSED."
 {¶ 3} On July 7, 2003, appellant stabbed Carlton Cave. Cave died at the scene. The Scioto County Grand Jury returned an indictment charging appellant with murder. He pled not guilty and the matter came on for a three-day jury trial. The jury ultimately acquitted appellant of murder, but found him guilty of *Page 3 
manslaughter in violation of R.C. 2903.03(A). The trial court sentenced a to serve nine years in imprison.
 {¶ 4} In State v. Kerns, 161 Ohio App.3d 76, 829 N.E.2d 700,2005-Ohio-2578, we reversed appellant's sentence because the record on appeal did not support an inference that the trial court considered the seriousness factors in R.C. 2929.12(B) or the mitigating factors in R.C.2929.12(C) prior to imposing a sentence. 2005-Ohio-2578, at ¶¶ 16-23.
 {¶ 5} On remand, the court considered those factors and re-imposed the same nine year sentence. Appellant appealed and we vacated his sentence because the trial court relied on statutes determined to be unconstitutional. See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. We remanded the case for re-sentencing in light ofFoster. See State v. Kerns, Scioto App. No. 05CA3017, 2006-Ohio-4335. On remand, the trial court imposed a nine year sentence. This appeal followed.
 I {¶ 6} We jointly consider appellant's first, second and third assignments of error because they raise related issues. Appellant's argues that (1) before Foster, the maximum sentence that could be imposed without jury fact-finding was the statutory minimum sentence; see United States v. Booker (2005), 543 U.S. 220, 160 L.Ed.2d 621,125 S.Ct. 738, and Blakely v. Washington (2004), 542 U.S. 296, 159 L.Ed .2d 403, 124 S.Ct. 2531; (2) Foster, supra at paragraphs one and seven of the syllabus, correctly struck down the judicial fact-finding requirement in R.C. 2929.14, but permits trial courts to impose non-minimum *Page 4 
sentences as long as they are within the statutory range; (3) thus, even though the trial court followed the Foster mandate, that mandate violates the Sixth and Fourteenth Amendments as well as the Ex Post Facto Clause of the United States Constitution and should be reversed. Although these issues are well-argued in appellant's brief, for the following reasons we find them unavailing.
 {¶ 7} First, we have previously considered the ex post facto and due process arguments and have rejected them each time. See State v.Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 6; State v.Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12; State v.Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected these arguments as well. SeeState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47;State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9;State v. Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23;State v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶¶ 10. Appellant cites nothing to prompt us to re-visit our decisions and we continue to adhere to Bruce, Henry and Grimes.
 {¶ 8} Second, even assuming for purposes of argument that the Ohio Supreme Court's ruling in Foster may arguably be unconstitutional, we are nevertheless bound by Foster. State v. Henderson, Franklin App. No. 06AP-645, 2007-Ohio-382, at ¶ 7; State v. Smith, Montgomery App. No. 21004, 2006-Ohio-3305, at ¶ 31; State v. Richardson, Pickaway App. No. 05CA29, 2006-Ohio-386, at ¶ 16. Generally, a trial court or an intermediate *Page 5 
appellate court must apply Ohio Supreme Court precedent unless (1) the Ohio Supreme Court changes its position on this issue; or (2) the United States Supreme Court explicitly overrules the Ohio Supreme Court decision (here it is Foster). Until either event occurs, Ohio courts may impose sentences within the statutory range. Foster, supra at paragraph seven of the syllabus.
 {¶ 9} For these reasons, we find no merit in appellant's first, second or third assignments of error and they are hereby overruled.
 II {¶ 10} Appellant asserts in his fourth assignment of error that the decision to allow the imposition of non-minimum sentences post-Foster violates the "rule of lenity."[1] Once again, we have previously considered this issue and have rejected the argument. SeeState v. Ellis, Scioto App. No. 06CA3071, 2007-Ohio-2177, at ¶¶ 39-40. Other Ohio appellate districts have done the same. See e.g. State v.Ashipa, Hamilton App. No. C-060411, 2007-Ohio-2245, at ¶ 4; State v.Cockroft, Franklin App. No. 06AP-752, 2007-Ohio-2217, at ¶ 6; State v.Taddie, Lake App. No. 2006-L-098, 2007-Ohio-1643, at ¶¶ 28-30. Nothing in appellant's brief prompts us to reconsider Ellis. Thus, we find no merit in appellant's fourth assignment of error and it is hereby overruled. *Page 6 
 {¶ 11} Having reviewed all errors assigned and argued in the brief, and having found merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] This rule is codified at R.C. 2901.04(A) and provides, inter alia, that sections of the Revised Code that define penalties shall be strictly construed against the State and liberally construed in favor of a defendant. *Page 1