DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Russell Mair, appeals from a judgment of sentence entered by the Ottawa County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On November 28, 2006, appellant entered a plea of guilty to three counts of trafficking in drugs, each a violation of R.C.2925.03(A)(1), each a felony of the fifth *Page 2 
degree. The fourth count of the indictment, alleging a violation of R.C.2925.03(A)(1) as a fourth degree felony, was dismissed pursuant to the plea agreement.
 {¶ 3} On February 22, 2007 the trial court sentenced appellant to serve 12 months of imprisonment for each of the three counts. The sentences were ordered to be served consecutively to each other. This sentence was journalized in a March 5, 2007 judgment entry.
 {¶ 4} Appellant raises the following assignments of error:
 {¶ 5} "I. The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments.
 {¶ 6} "II. The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense.
 {¶ 7} "III. The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding inFoster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451. *Page 3 
 {¶ 8} "IV. The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.
 {¶ 9} "V. The sentence imposed upon Appellant was an abuse of discretion."
 {¶ 10} It is clear from appellant's arguments in his first through fourth assignments of error that he claims that the Supreme Court of Ohio's remedy to the unconstitutional nature of certain sentencing statutes provided in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, itself violates the constitution, the rule of lenity, and the holding inRogers v. Tennessee (2001), 532 U.S. 451. We disagree.
 {¶ 11} We have repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity.See State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v.Barber, WD-06-036, 2007-Ohio-2821; State v. Johnson, L-06-1364,2007-Ohio-3470; State v. Robinson, L-06-1205, 2007-Ohio-3577, State v.Valenti, WD-07-004, 2007-Ohio-4911.
 {¶ 12} Regarding Rogers, it concerned the constitutionality of the retroactive application of a judicial decision abolishing the common law "`year and a day rule.'" Id. at 453. The United States Supreme Court again recognized the long standing "* * * core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Id. at 459. Several appellate districts have reviewed the issue appellant has presented and have determined that Foster is not *Page 4 
contrary to the holding in Rogers. See State v. Herbert, 3rd Dist. No. 16-06-12, 2007-Ohio-4496, ¶ 23; State v. Horton, 10th Dist. No. 06AP-311, 2007-Ohio-4309, ¶ 59, 64; State v. Kerns, 4th Dist. No. 06CA3124, 2007-Ohio-3881, ¶ 9; State v. Sheets, 12th Dist. No. CA2006-04-032, 2007-Ohio-1799, ¶ 24; State v. Ross, 9th Dist. No. 23375,2007-Ohio-1265, ¶ 8, 12; State v. Palmer, 7th Dist. No. 06-JE-20,2007-Ohio-1572, ¶ 71, 73; State v. McGhee, 3rd Dist. No. 17-06-05,2006-Ohio-5162, ¶ 20. We likewise find that Foster is not contrary to federal notions of due process as established in Rogers. Appellant's first through fourth assignments of error are not well-taken.
 {¶ 13} In his fifth assignment of error, appellant asserts that the trial court abused its discretion at sentencing by essentially making findings of fact not proven to a jury in two ways. First, appellant contends that the trial court considered the fourth count of the indictment which was dismissed. Second, appellant argues that the trial court improperly made a finding of fact, gleaned from the presentence investigation report, that appellant threatened to kill a confidential informant. Appellant contends that these are findings of fact that violate the jury trial guarantee of the Sixth Amendment and citesUnited States v. Booker (2005), 543 U.S. 220, and Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 14} The Supreme Court of Ohio recently held that when sentencing occurs after Blakely, failure to object at trial to a sentence that violates Blakely forfeits the issue on appeal. State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 1. Appellant did not object at trial. Therefore, under Payne, appellant has forfeited this issue on appeal. Appellant's fifth assignment of error is not well-taken. *Page 5 
 {¶ 15} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR. *Page 1