DECISION AND JUDGMENT ENTRY
{¶ 1} The Court of Common Pleas sentenced James L. Shepherd to seven years in prison after the jury found him guilty of three counts of drug possession. The court ordered him to serve these non-minimum sentences concurrently. On appeal, Shepherd argues that the trial court violated the Ex Post Facto and Due Process clauses of the Constitution of the United States in retroactively applying the remedial holding ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to crimes predating that decision. He also asserts that trial counsel was ineffective for failing to object to the retroactive application ofFoster to his case. However, we have previously held that the trial court does not violate ex post facto or due process principles by following the remedy mandated by the Supreme Court of Ohio inFoster and that trial *Page 2 
counsel does not provide ineffective assistance by failing to raise these objections at sentencing. We adhere to these holdings and affirm the judgment below.
 I. Facts {¶ 2} On June 30, 2005, Lt. Lynn Brewer of the Portsmouth police observed Shepherd driving a 1995 Ford Thunderbird. Because he knew that Shepherd had a suspended license, he turned his cruiser around. According to Lt. Brewer, Shepherd then increased speed and disappeared from his sight. However, Lt. Brewer knew where Shepherd had been currently staying, and, on arriving there, he saw Shepherd parking his car on the street in front of Emma McClurg's residence. Lt. Brewer took Shepherd into custody for driving with a suspended license. An inventory search of the car revealed a small rock of crack-cocaine on the floor of the passenger side. Law enforcement officers then obtained consent from McClurg to search her residence, where police found 12 grams of crack-cocaine on the bedside table, crack-cocaine residue on a coffee table, and crack-cocaine residue in the bedroom where Shepherd kept his recording equipment. In addition, police found nine Adderall pills in an unlabeled bottle, digital scales, and sandwich baggies.
 {¶ 3} At trial, McClurg testified that Shepherd had been living with her, but she denied having knowledge that Shepherd had sold or used drugs. However, McClurg asserted that the drugs found in her house must have belonged to Shepherd because the drugs did not belong to her. McClurg admitted that she had been charged with possession of the same drugs found in her residence and that she had accepted a plea agreement in exchange for her testimony against Shepherd. *Page 3 
 {¶ 4} The jury found Shepherd guilty of one count of Possession of Cocaine in violation of R.C. 2925.11(A)(1) and (C)(4)(d), a second-degree felony, one count of Possession of Cocaine in violation of R.C. 2925.11(A)(1) and (C)(4)(a), a fifth-degree felony, and one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(1) and (C)(1)(a), a fifth-degree felony. The trial court imposed sentences of seven years, ten months, and ten months, respectively, which represent non-minimum sentences for each of these violations. The court ordered Shepherd to serve each term of imprisonment concurrently for a total of seven years in prison. The jury also found Shepherd's property, which included the car where the crack was found, $232, and various electronics, to be subject to forfeiture as proceeds of and as an instrumentality used in the commission of the offenses. Shepherd raised no objection to his sentences or the forfeiture order in the trial court. He filed this appeal.
 II. Assignment of Error {¶ 5} Shepherd presents two assignments of error:
 1. "The trial court denied Mr. Shepherd due process of law, by sentencing him to non-minimum terms of imprisonment, in violation of the ex post facto doctrine. Fifth and Fourteenth Amendments, Article I, Section X, United States Constitution. (August 16, 2006 Transcript, p. 290; August 23, 2006 Judgment Entry)."
 2. "Trial counsel provided ineffective assistance of counsel by failing to object to the imposition of an unconstitutional sentence. (August 15, 2006 Transcript, p. 290)."
 III. Ex Post Facto and Due Process Clauses {¶ 6} Shepherd argues that the trial court violated his rights in applying the remedial holding of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, to crimes predating that decision. He also contends that trial counsel was ineffective for *Page 4 
failing to raise an objection at sentencing based on the argument that retroactive application of Foster violated due process. Shepherd candidly acknowledges that we have previously rejected similar arguments, but he asks us to reconsider our prior decisions. We decline to do so.
 {¶ 7} In Foster, the Supreme Court of Ohio concluded that several of Ohio's sentencing statutes, including R.C. 2929.14(B), were unconstitutional to the extent that they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Id. at paragraphs one, three, and five of the syllabus. Applying the remedy used by the Supreme Court of the United States inUnited States v. Booker (2005), 543 U.S. 220, the court severed the offending unconstitutional provisions in their entirety from the statutes. Foster at paragraphs two, four, and six of the syllabus, and ¶ 99. The court stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. 2929.14(A)] and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 8} The Supreme Court released its decision in Foster on February 27, 2006, and the trial court entered Shepherd's sentences on August 23, 2006. Although he could have raised the argument that his sentences violated ex post facto and due process principles with the trial court so that it could address the issue, he failed to do so. By not raising these arguments in the trial court, Shepherd has forfeited any alleged error regarding his sentence. State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, 873 N.E.2d 306, at ¶ 21-23. *Page 5 
 {¶ 9} Nonetheless, Shepherd argues that, at the time he committed his crimes, he enjoyed a statutory presumption that the sentence imposed would consist of a minimum term of imprisonment. He claims the Supreme Court in Foster retroactively removed that presumption because the trial court no longer needed to make findings of fact in order to impose a non-minimum sentence. However, we have consistently rejected this argument on the merits and have held that a trial court does not violate due process principles or commit plain error by applying Foster to defendants who committed their offenses before that decision was released. State v. Evans, Washington App. No. 07CA45, 2008-Ohio-1446, at ¶¶ 25-26; State v. Miller, Washington App. No. 06CA57, 2007-Ohio-6909, at ¶¶ 35-36; State v. Henthorn, Washington App. No. 06CA62, 2007-Ohio-2960, at ¶¶ 13-14; State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 8-11; State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360, at ¶¶ 9-10. Other intermediate courts in Ohio have reached the same conclusion. State v. Cain, Franklin App. No. 06AP-682, 2007-Ohio-945, at ¶ 6; State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 37-47; State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, at ¶ 16; State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-125, at ¶¶ 41-42; State v. Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058, at ¶ 10.
 {¶ 10} Moreover, Miller v. Florida, (1987), 482 U.S. 423, upon which Shepherd relies, is distinguishable. In that case, Florida's sentencing guidelines in force at the time Miller committed his crime provided a presumptive sentencing range of 3 1/2 to 4 1/2 years in prison, which a trial court could impose without explanation and which, if imposed, was not subject to appellate review. If the trial court decided to impose a *Page 6 
sentence outside of the presumptive range, it had "to provide clear and convincing reasons in writing for the departure, on facts proved beyond a reasonable doubt, and [its] determination would be reviewable on appeal." Id. at 432. A legislative change occurring between the commission of the crime and Miller's sentencing increased the range of Miller's presumptive sentence to 5 1/2 to 7 years, and the trial court imposed a 7 year sentence. Under the prior law, Miller could have sought appellate review of a seven-year sentence; under the retroactively applied new law, he could no longer seek appellate review of the sentence because it fit within the new presumptive range. The Supreme Court of the United States held that this sentence violated ex post facto principles because the sentence under the later guidelines "foreclosed his ability to challenge the imposition of a sentence longer than his presumptive sentence under the old law." Id. at 433. The court also noted that the Florida legislature increased the presumptive minimum sentence and denied review of that sentence with the intention to inflict a greater punishment on those who fell within its ambit.
 {¶ 11} Shepherd argues that the Foster remedy retroactively changed the fact-finding requirements necessary to impose a sentence beyond the statutorily defined presumptive minimum. However, we have previously explained that the presumptive maximum and minimum terms of imprisonment remained the same before and after Foster. State v. VanHoose, Pike App. No. 07CA765, 2008-Ohio-112, at ¶ 26. Furthermore, unlike the case inMiller, Shepherd's right to appeal any sentence that was contrary to law remained the same before and after Foster. Id. Although Shepherd asserts that he would have been entitled to a minimum sentence under thepre-Foster guidelines, *Page 7 
 "[t]he law before Foster never mandated imposition of minimum sentences on offenders who had not previously served a prison term, as appellant asks us to do here. By demanding application of a presumption in favor of a minimum sentence, but not allowing any means by which the presumption can be overcome, `appellant essentially seeks the benefit of a state of law that never existed.'"
State v. Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889, at ¶ 12, quoting State v. Rosado, Cuyahoga App. No. 88504, 2007-Ohio-2782, ¶ 7, quoting in turn State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542, at ¶ 39.
 {¶ 12} Consequently, because the trial court did not err by imposing non-minimum sentences, Shepherd cannot show that trial counsel was constitutionally ineffective for failing to raise this argument.VanHoose at ¶ 27. To obtain the reversal of a conviction on grounds of ineffective assistance of counsel, an appellant must show (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674; State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904. To demonstrate prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. State v. White (1998),82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus. Because the imposition of a non-minimum sentence in this case did not violate due process and ex post facto principles, Shepherd cannot show either a deficient performance or prejudice. VanHoose at ¶ 27.
 {¶ 13} While we recognize Shepherd's need to preserve these issues for appeal, we reject his arguments that the trial court violated his due process rights when it sentenced him to non-minimum sentences and that his trial counsel was ineffective for *Page 8 
failing to challenge these sentences in the trial court. Therefore, we affirm the judgment of the court below.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. Kline, J.: Concur in Judgment and Opinion. *Page 1