DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court jury verdict. Appellant, Hank Spencer, was sentenced to serve a term of eight years in prison, as well as an additional period of post-release control after a jury found him guilty of burglary, a felony of the second degree, in violation of RC. 2911.02. On appeal, Appellant asserts that (1) the trial court erred when it admitted prejudicial other acts evidence regarding outstanding, *Page 2 
unrelated warrants, denying Appellant his rights to due process and a fair trial; (2) the trial court denied Appellant due process of law by sentencing him to a maximum term of imprisonment, in violation of the ex post facto doctrine; and (3) trial counsel provided ineffective assistance of counsel by failing to object to impermissibly prejudicial testimony and to the imposition of an unconstitutional sentence. Because we find no merit to any of Appellant's assigned errors, we affirm the judgment of the trial court.
 FACTS {¶ 2} A review of the record reveals that the Ross County Court of Common Pleas sentenced Appellant to serve a term of eight years in prison, as well as an additional period of post-release control, after a jury found him guilty of burglary, a felony of the second degree, in violation of R.C. 2911.02. The charge against Appellant was brought in connection with an incident that occurred on February 10, 2005. On that date, Emily Beam, fifteen years of age, returned home from school in the early afternoon. At about 2:15 p.m., while in the basement doing her homework on the computer, Emily heard noises coming from upstairs. When Emily went upstairs to investigate, she saw an intruder dart from one room of the house to another and then exit through the sliding glass doors into the back yard. *Page 3 
 {¶ 3} Although Emily testified that she did not see the intruder's face and only noticed that the intruder was wearing boots while the intruder was in the house, Emily also testified that once the intruder exited the house, she was able to observe him as he left the backyard. At trial, Emily testified, in accordance with her prior statement to the police on the day of the incident, that the intruder was wearing a dark-colored, hooded sweatshirt and jeans. Emily further testified that after the intruder left the house, she noticed that the items in her mother's night stand had been "scattered" and that several items were missing, including some rings. Emily's mother, Michele Beam, testified that six of her rings were stolen that day, all of which she was able to inventory and describe for the officer investigating the incident.
 {¶ 4} Janet Immel, the manager of an apartment complex located approximately one block from the Beam residence also testified during the trial. Ms. Immel testified that at about 2:30 p.m. on February 10, 2005, she noticed a suspicious individual, who was not a resident of the apartment complex, attempting to climb over a chain-link and barbwire fence on the property. She testified that she confronted the individual, who was wearing a brownish-tan Carhart-type hooded jacket, with the hood pulled up tight, and brownish-black tennis shoe or boot-like shoes. Ms. Immel testified that she instructed the individual to leave, which he eventually did, but only after *Page 4 
she followed him for some time. She then proceeded to notify the police, as well as get into her car to pursue him. When law enforcement responded, statements were taken from both Emily Beam and Janet Immell.
 {¶ 5} Later that day, at approximately 6:30 p.m., police responded to a call at a Tim Horton's restaurant in the general vicinity of the burglary and incident at the apartment complex. Apparently a man had entered the restaurant, the time at which was unknown, and had either fallen asleep or passed out while seated at a table. When the police were contacted by restaurant personnel, the man had been at the restaurant for several hours. The responding officer recognized the man as Hank Spencer and arrested him based upon outstanding, unrelated warrants. Upon being searched in connection with the booking on the outstanding warrants, six rings were found in Appellant's pockets. Appellant's clothing was then confiscated, which included a pair of blue jeans, camouflaged hiking boots, a sweatshirt and a brown Carhart jacket.
 {¶ 6} Michele Beam subsequently identified the rings found in Appellant's pockets as the rings taken from her home. Likewise, Janet Immel picked Appellant out of a photograph line-up as the individual she ordered out of the apartment complex on the day in question. Further, footprints found in the snow outside of the Beam residence appeared to *Page 5 
match footprints found in the apartment complex, which all appeared to match the boots worn by Appellant. Appellant's clothing and boots were entered into evidence, as were photographs of the footprints that were found. Based upon the evidence before it, the jury found Appellant guilty of the burglary and the trial court sentenced Appellant to an eight year term of imprisonment, as well as an additional period of post-release control. Appellant now timely appeals his conviction and sentence, assigning the following errors for our review.
 ASSIGNMENTS OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT ADMITTED PREJUDICIAL OTHER ACTS EVIDENCE REGARDING UNRELATED WARRANTS, DENYING MR. SPENCER HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
 {¶ 8} II. THE TRIAL COURT DENIED MR. SPENCER DUE PROCESS OF LAW, BY SENTENCING HIM TO A MAXIMUM TERM OF IMPRISONMENT, IN VIOLATION OF THE EX POST FACTO DOCTRINE.
 {¶ 9} III. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO IMPERMISSIBLE PREJUDICIAL TESTIMONY AND TO THE IMPOSITION OF AN UNCONSTITUTIONAL SENTENCE."
 LEGAL ANALYSIS OF ASSIGNMENTS OF ERROR {¶ 10} In his first assignment of error, Appellant contends that the trial court erred when it admitted prejudicial other acts evidence regarding unrelated warrants, denying Appellant his rights to due process and a fair *Page 6 
trial. Appellant contends that the specific issue presented is whether the trial court erred when it permitted a law enforcement officer to provide testimony concerning outstanding, unrelated warrants involving Appellant, which Appellant argues conveyed to the jury that Appellant had a criminal history and was, therefore, more likely to have committed the offense in the present case.
 {¶ 11} In addition to the trial testimony of the arresting officer, Appellant also takes issue with the State's mention of the existence of outstanding, unrelated warrants during both opening and closing arguments. However, the record reveals and Appellant concedes that Appellant's trial counsel did not object to these statements during trial. Appellee contends that the evidence regarding the existence of outstanding, unrelated warrants was not offered for the purpose of showing the defendant's character or his propensity to crime, but rather "simply completed the story of the investigation in this case." Appellee further asserts that this information explained why Appellant was arrested and subjected to a full search after simply being found asleep at a restaurant and thus was admissible. We agree with Appellee. Further, because Appellant's trial counsel did not object to the admission of the officer's testimony, or to the statements made *Page 7 
by the prosecutor during opening and closing arguments, Appellant has waived all but plain error.
 {¶ 12} Initially, we note that admission or exclusion of evidence rests within the sound discretion of the trial court, and absent an abuse of discretion, an appellate court will not disturb a trial court's ruling regarding admissibility of evidence. State v. Dickess,174 Ohio App.3d 658, 2008-Ohio-39, 884 N.E.2d 92. As correctly noted by Appellant, Ohio Evidence Rules 404(B) and 403(A) govern the admission of other acts evidence. Specifically, Evid. R. 404(B) provides as follows:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."
Further, Evid. R. 403(A) provides that although it may be relevant, evidence of other acts is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 13} Under Crim. R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." As we previously explained in State v.Abernathy, Scioto App. No. 07CA3160, 2008-Ohio-2949, for a reviewing *Page 8 
court to find plain error, the following three conditions must exist: (1) an error in the proceedings; (2) the error must be plain, i.e. the error must be an "obvious" defect in the trial proceedings; and (3) the error must have affected "substantial rights," i.e., the trial court's error must have affected the outcome of the trial. See, e.g., State v.Noling, 98 Ohio St.3d 44, 56, 2002-Ohio-7044, 781 N.E.2d 88; State v.Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; State v.Sanders (2001), 92 Ohio St.3d 245, 257, 750 N.E.2d 90; State v.Hill (2001), 92 Ohio St.3d 191, 200, 749 N.E.2d 274. Furthermore, the Supreme Court of Ohio has stated that CrimR. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990),53 Ohio St.3d 107, 111, 559 N.E.2d 710; see, also, State v. Long (1978)53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. A reviewing court should consider noticing plain error only if the error "'" seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."'" Barnes, 94 Ohio St.3d at 27 (quoting UnitedStates v. Olano (1993), 507 U.S. 725, 736, 113 S.Ct. 1770, quotingUnited States v. Atkinson (1936), 297 U.S. 157, 160, 56 S.Ct. 391.
 {¶ 14} Similarly, with respect to Appellant's assertion that plain error exists regarding the statements made by the prosecution during opening and *Page 9 
closing arguments, we note that "[w]e may invoke the plain error rule only if we find (1) that the prosecutor's comments denied appellant a fair trial, (2) that the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice." State v. McGee, Washington App. No. 05CA 60, 2007-Ohio-426, at ¶ 15, citing State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. The plain error doctrine permits correction of judicial proceedings only when error is clearly apparent on the face of the record and is prejudicial to the appellant.
 {¶ 15} Assuming arguendo that the evidence that was admitted from the arresting officer and statements by the prosecution were objectionable and should have been brought to the attention of the trial court by Appellant's trial counsel, we cannot say that such evidence and comments deprived Appellant of a fair trial or that "a reasonable probability exists that, but for the prosecutor's remarks, the result of the proceeding would have been different." State v. Jones, Scioto App. No. 06CA3116, 2008-Ohio-968 at ¶ 28. Aside from these comments, there was ample evidence from which the jury could conclude that Appellant had committed the burglary at issue. Both Emily Beam and Janet Immel were able to describe the clothing and shoes worn by Appellant on the day he was arrested. The boots Appellant *Page 10 
was wearing matched the footprints found at the Beam residence as well as the apartment complex. Further, a search of Appellant revealed that all six rings stolen from the Beam residence just hours before were in his jacket pockets. Thus, we do not find any plain error. Accordingly, we find that Appellant's first assignment of error lacks merit.
 {¶ 16} Appellant contends, in his second assignment of error, that the trial court denied him due process of law by sentencing him to a maximum term of imprisonment, which he asserts is in violation of the ex post facto doctrine. Appellant asserts that the specific issue for review is whether the retrospective application of revised sentencing statutes falls within the ex post facto prohibition, when the revised laws are applied to events occurring before the revision, to Appellant's disadvantage. Appellant acknowledges that this Court has addressed a similar claim in State v. Kerns, Scioto App. No. 06CA3124,2007-Ohio-3881. Appellant claims that he makes this argument in good faith in order to preserve the issue for further review and asks this Court to reconsider our holding in Kerns, supra.
 {¶ 17} As noted in Kerns, supra, we have previously considered the ex post facto and due process arguments and have rejected them each time. See State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938 at ¶ 6;State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942 at ¶¶ 11-12;State v. *Page 11 Grimes, Washington App. No. 04CA17, 2006-Ohio-6360 at ¶¶ 8-11. Other Ohio appellate courts have rejected these arguments as well. See State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v.Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v.Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶¶ 10. Although Appellant respectfully requests that this Court reconsider our prior reasoning in Kerns, he cites nothing to prompt us to re-visit our decisions and we continue to adhere to Kerns, Bruce, Henry andGrimes. Additionally, as explained in Kerns, supra, "even assuming for purposes of argument that the Ohio Supreme Court's ruling inFoster may arguably be unconstitutional, we are nevertheless bound byFoster." Kerns at ¶ 8; Citations omitted. For these reasons, we find no merit in Appellant's second assignment of error.
 {¶ 18} In his third assignment of error, Appellant contends that trial counsel provided ineffective assistance of counsel by failing to object to impermissibly prejudicial testimony and to the imposition of an unconstitutional sentence. With respect to this third and final assignment of error, Appellant contends that there are two issues to be considered. First, Appellant asks whether trial counsel provided ineffective assistance by failing to object to impermissibly prejudicial other acts testimony as well as *Page 12 
the State's discussion of that testimony. Second, Appellant asks whether trial counsel provided ineffective assistance by failing to object to the imposition of a sentence that is based upon revised laws that are applied to events occurring before the revision, when it disadvantaged defendant. We must begin our review of Appellant's assigned error by considering the test for determining ineffective assistance of counsel.
 {¶ 19} To obtain the reversal of a conviction on grounds of ineffective assistance of counsel, an appellant must show (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. State v.Shepherd, Scioto App. No. 3106, 2008-Ohio-3350; citing Strickland v.Washington (1984), 466 U.S. 668, 687; 104 S.Ct. 2052; State v. Issa
(2001), 93 Ohio St.3d 49, 67, 2001-Ohio-1290, 752 N.E.2d 904. To demonstrate prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. State v. White (1998), 82 Ohio St.3d 16, 23,1998-Ohio-363, 693 N.E.2d 772; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.
 {¶ 20} With respect to the first issue raised by Appellant, because the trial court did not err by imposing a non-minimum sentence, Appellant cannot show that trial counsel was constitutionally ineffective for failing to *Page 13 
raise this argument. Shepherd, supra. Further, because the imposition of a non-minimum sentence in this case did not violate due process and ex post facto principles, Appellant cannot show either a deficient performance or prejudice. With respect to the second issue that has been raised, Appellant has failed to demonstrate that but for the admission of other acts evidence he would not have been convicted. Thus, he is unable to demonstrate any prejudice as a result of trial counsel's failure to object to the other acts evidence admitted at trial. Therefore, and in light of our dispositions of Appellant's first and second assignments of error, we find no merit in Appellant's third assignment of error. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1